UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAURY,

      Petitioner,                          Civil Action No. 16-CV-11758

vs.                                HON. BERNARD A. FRIEDMAN

GERARD KOLANOWSKI,

      Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner has filed the instant application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner claims that he was charged with domestic violence in Oakland and Saginaw Counties. Petitioner indicates that one of the two cases was dismissed and that he received a "60 days - 30 days" sentence in the other case. *See* docket entry 1 ¶¶ 1-5. Attachments to the petition, however, indicate that on March 15, 2016, following a hearing before a jury, an "Initial Order Following Hearing on Petition for Admission" was entered in the Oakland County Probate Court, directing that petitioner be committed to a state hospital because he "has a mental illness, and as a result of that mental illness [petitioner] can be reasonably expected within the near future to intentionally or unintentionally seriously physically injure self or others. . . ." *Id.* at 25. The period of hospitalization was not to exceed 60 days, after which petitioner can be transferred to a community mental health service program for an additional 30 days. *Id.* at 26.

Petitioner appears to claim that constitutional violations occurring in the criminal proceedings leading to his civil commitment. *Id.* ¶ 12. Petitioner appears to allege that he was prosecuted in Oakland County for domestic violence before he was ordered to be hospitalized.

Petitioner alleges that he filed various motions in the state courts in his criminal cases, but he does not allege that he has filed any appeal in the state court regarding the March 15, 2016, order of civil commitment. A search of the Michigan One Court of Justice website does not indicate any appeal by petitioner to the Michigan appellate courts regarding his commitment.[1]

Before the Court may grant habeas relief to a state prisoner, the petitioner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims to give state courts a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* The allegations in the instant petition indicate that petitioner has not exhausted his state court remedies with respect to his recent order of commitment, which is the basis for his custody.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts must dismiss petitions containing unexhausted claims without prejudice to allow petitioners to return to state court to exhaust remedies. Michigan law provides an avenue of judicial review for civilly committed persons. *See* M.C.R. 5.801(C)(2) (allowing appeal to state circuit court from order of probate court "affecting the rights or interests of a person under the Mental Health Code"). The Court shall therefore dismiss the petition without prejudice because petitioner has failed to show that he has exhausted his state court remedies. Accordingly,

---

[1] *See* coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the internet, are subject to judicial notice. *See U.S. ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). The court is also permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

IT IS ORDERED that the petition in this matter is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability and permission to appeal in forma pauperis are denied, as petitioner has failed to make a substantial showing of the denial of a constitutional right and an appeal could not be taken in good faith.

                                        s/ Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2016
        Detroit, Michigan

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2016, by electronic and/or ordinary mail.

                                        s/Kelly Winslow for Carol Mullins
                                        Case Manager

3